UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Syah L. Redbird,<br><br>　　　　　Plaintiff<br>　v.<br><br>Brian Williams, et. al.,<br><br>　　　　　Defendants | Case No. 2:20-cv-00435-JAD-EJY<br><br>**Order Dismissing<br>and Closing Case** |

Plaintiff Syah L. Redbird brings this civil-rights action under 42 U.S.C. § 1983, claiming that her First and Eighth Amendment rights, as well as various state-law rights, were violated during her incarceration at the High Desert State Prison ("HDSP"). On September 30, 2021, the magistrate judge denied Redbird's application to proceed *in forma pauperis* for a prisoner as moot after her release from prison and ordered her to either pay the $400 filing fee or file a complete *in forma pauperis* application by a non-prisoner by October 22, 2021.[1] That deadline expired without a new application or payment of the filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3] In determining whether to dismiss an action

---

[1] ECF No. 15.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint; *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[6] and that warning was given here.[7] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the Redbird's failure to file a complete application to proceed *in forma pauperis* for non-prisoners or pay the filing fee as ordered. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. **No other documents may be filed in this now-closed case.** If Redbird wishes to pursue her claims, she must file a complaint in a <u>new</u>

---

[4] *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.
[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).
[6] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33.
[7] ECF No. 15.

case, and she must either pay the $402 filing fee[8] or file a complete *in forma pauperis* application in that new case.

Dated: October 25, 2021

_____
U.S. District Judge Jennifer A. Dorsey

---

[8] The filing fee for a civil action increased to $402, which includes the $350 filing fee and $52 administrative fee, after December 1, 2020.

3